UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RICARDO BOCEL, individually and on behalf of all others similarly situated,

         Plaintiff,

   -against-

PATZERIA FAMILY & FRIENDS INC., PATZERIA PERFECT PIZZA INC., JOSEPH AZZOLINO, and LEE AZZOLINO,

         Defendants.
------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

  Plaintiff Ricardo Bocel ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Patzeria Family & Friends, Inc. ("Patzeria F&F"), Patzeria Perfect Pizza Inc. ("Patzeria Perfect"), Joseph Azzolino ("Joseph"), and Lee Azzolino ("Lee") (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

  1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

  2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

  3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant Patzeria F&F is a domestic corporation with its principal place of business located at 311 West 48th Street, New York, New York 10036.

9. Defendant Patzeria Perfect is a domestic corporation with its principal place of business located at 231 West 46th Street, New York, New York 10036.

10. Patzeria F&F and Patzeria Perfect (collectively, the "Restaurants") are restaurants that serve Italian cuisine.

11. Defendants Joseph and Lee are individuals residing, upon information and belief, in the state of New York.

12. At all relevant times, Joseph and Lee were, and still are, officers, directors, shareholders, and/or persons in control of the Restaurants who exercise significant control over the Restaurants' operations and have the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13.     Upon information and belief, at all relevant times, the Restaurants had common owners, officers, and directors, and were controlled by Joseph and Lee.

14.     Upon information and belief, Patzeria F&F and Patzeria Perfect were each merely fragments of a larger business.

15.     Upon information and belief, Patzeria F&F and Patzeria Perfect were not maintained as separate corporate entities.

16.     On Patzeria F&F's New York Department of State Division of Corporations webpage, Joseph Azzolino is listed as the corporation's Service of Process Officer, as well as the Chief Executive Officer.

17.     On Patzeria Perfect's New York Department of State Division of Corporations webpage, Joseph Azzolino is also listed as the corporation's Chief Executive Officer.

18.     On Patzeria Perfect's website, www.patzeriany.com, Joseph Azzolino is listed as an owner of the restaurant.

19.     In a July 12, 2011 post on Patzeria Perfect's Facebook Page, Patzeria Perfect highlighted Patzeria Perfect's and Patzeria F&F's rankings on TripAdvisor, writing "Tripadvisor NYC Italian Restaurants~ #1 Patzeria Perfect Pizza (W. 46th Street) #2 Patzeria Family & Friends (W. 48th St.) out of 967 Italian Restaurants in NYC."

20.     In a December 4, 2011 post on Patzeria Perfect's Facebook Page, Patzeria Perfect refers to Patzeria F&F as its "sit-down restaurant", writing "check out our sit-down restaurant- Patzeria Family & Friends 311 W. 48th just off 8th. Hope to see you soon!"

21.     In a December 30, 2011 post on Patzeria Perfect's Facebook Page, Patzeria Perfect invited customers to visit Patzeria F&F, writing "check out our New Year's Eve 5 course dinner special Patzeria Family & friends 311 W. 48th Street."

22. Approximately two (2) days per week, Defendants ordered Plaintiff, who primarily worked at Patzeria F&F, to deliver ingredients, such as flour, sugar, and sauce, from Patzeria F&F to Patzeria Perfect.

23. At the end of each workday during Plaintiff's employment, an employee from Patzeria Perfect typically came to Patzeria F&F and handed an envelope containing cash to Joseph and/or Lee. Upon information and belief, this envelope contained Patzeria Perfect's cash earnings for the day.

24. Upon information and belief, during Plaintiff's employment, Patzeria F&F and Patzeria Perfect operated as sister restaurants with common ownership and management.

25. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities, and for supervising his performance.

26. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

27. At all relevant times, Defendants were responsible for compensating Plaintiff.

28. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

29. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

30. Defendants are covered employers within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

31. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

32. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date six (6) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

33. The FLSA Collective Plaintiffs consist of no less than thirteen (13) similarly situated current and former employees of Defendants who have been victims of Defendants' common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

34. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime wages for all time worked in excess of forty (40) hours per week.

35. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

36. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

37. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

38. Plaintiff worked for Defendants as a dishwasher and delivery person at Patzeria F&F from in or around 2014 until on or around February 2, 2020.

39. As a dishwasher and delivery person, Plaintiff's primary job duties included washing dishes, delivering food orders to Defendants' customers, cleaning the kitchen, and delivering ingredients from Patzeria F&F to Patzeria Perfect.

40. Throughout his employment with Defendants, Plaintiff regularly worked six (6) days per week, as follows: Mondays from approximately 7:00 a.m. until 12:00 a.m.; and Wednesdays through Sundays from approximately 7:00 a.m. until 4:00 p.m., for a total of approximately sixty-two (62) hours per week.

41. Plaintiff was not afforded meal or rest breaks during his shifts, and was required to eat any meals during his shifts while working.

42. Throughout his employment, Plaintiff was paid a fixed weekly salary, regardless of the number of hours worked per week.

43. From in or around June 2014 until in or around December 2014, Plaintiff was paid $480.00 per week.

44. From in or around January 2015 until in or around December 2015, Plaintiff was paid $530.00 per week.

45. From in or around January 2016 until in or around December 2016, Plaintiff was paid $550.00 per week.

46. From in or around January 2017 until in or around December 2017, Plaintiff was paid $570.00 per week.

47. From in or around January 2018 until in or around December 2018, Plaintiff was paid $590.00 per week.

48. From in or around January 2019 until in or around December 2019, Plaintiff was paid $610.00 per week.

49. From in or around January 2020 until the end of his employment, Plaintiff was paid $640.00 per week.

50. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, spread of hours pay, and overtime compensation.

51. However, throughout his employment, Plaintiff was not paid at least the applicable New York State minimum wage rate for all hours worked.

52. Furthermore, despite routinely working for more than forty (40) hours per week, Plaintiff was not paid overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage, whichever is greater, for the hours he worked over forty (40) per week.

53. Plaintiff also frequently worked shifts that spanned more than ten (10) hours per day, but was not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten (10) hours ("spread of hours pay").

54. In addition, Defendants failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rates of pay, the designated payday, or other information required by NYLL § 195(1).

55. Finally, Plaintiff did not receive from Defendants, with each wage payment, statements listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

56. Defendants violated federal and state law by willfully failing to pay Plaintiff and similarly situated employees overtime compensation; by failing to pay Plaintiff the applicable minimum and spread of hours wages owed to him; and by failing to provide Plaintiff with statutory payroll notices and wage statements.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
*(Overtime Violations Under the FLSA)*

57. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

58. Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

59. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

60. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

61. As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

62. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total wages due to them ("liquidated damages").

63. Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations Under the NYLL)*

64. Plaintiff repeats and realleges all prior allegations set forth above.

65. Pursuant to the applicable provision of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

66. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

67. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours in a workweek.

68. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

69. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

70. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
*(Minimum Wage Violations under the NYLL)*

71. Plaintiff repeats and realleges all prior allegations set forth above.

72. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

73. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for the hours he worked.

74. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

75. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

76. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Spread of Hours Violations Under the NYLL)*

77. Plaintiff repeats and realleges all prior allegations.

78. Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

79. Defendants willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spanned more than ten (10) hours.

80. By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

81. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Provide Payroll Notices Under the NYLL)*

82. Plaintiff repeats and realleges all prior allegations.

83. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

84. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

85. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Provide Wage Statements Under the NYLL)*

86. Plaintiff repeats and realleges all prior allegations.

87. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

88. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

89. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SEVENTH CAUSE OF ACTION
*(Failure to Timely Pay Wages under the NYLL)*

90. Plaintiff repeats and realleges all prior allegations set forth above.

91. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

92. During the relevant time period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

93. During the relevant time period, Defendants failed to timely pay Plaintiff all his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

94. Throughout the relevant time period, Defendants failed to pay Plaintiff all wages earned by Plaintiff, including minimum, overtime, and spread of hours wages earned.

95. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

96. Judgment should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
*(Corporate Combine)*

97. Plaintiff repeats and realleges all prior allegations as set forth above.

98. Upon information and belief, during all relevant times, Patzeria F&F and Patzeria Perfect operated as a single business operation.

99. Upon information and belief, Patzeria F&F's and Patzeria Perfect's records were maintained by the same persons and entities.

100. Upon information and belief, Patzeria F&F and Patzeria Perfect were each merely fragments of a larger business.

101. Upon information and belief, Patzeria F&F and Patzeria Perfect were not maintained as separate corporate entities.

102. Judgment should be entered on the Eighth Cause of Action in favor of Plaintiff and against Patzeria F&F and Patzeria Perfect, determining they were merely part of a corporate combine and declaring Patzeria F&F and Patzeria Perfect liable for each other's debts and for all amounts due in the First through Seventh Causes of Action herein, and such other legal and equitable relief as this Court deems just and proper.

WHEREFORE Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for an order and judgment determining that Patzeria F&F and Patzeria Perfect were merely part of a corporate combine and declaring Patzeria F&F and Patzeria Perfect liable for each other's debts and for all amounts due in the First through Seventh Causes of Action herein;

i) Interest;

j) Costs and disbursements; and

k) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 2, 2021

/s/ Nicola Ciliotta
Nicola Ciliotta
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
nciliotta@katzmelinger.com
*Attorneys for Plaintiff*