UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
RICARDO BOCEL,                                :
                                              :
                          Plaintiff,          :          21 Civ. 7384 (LGS)
                                              :
              -against-                       :          **OPINION AND ORDER**
                                              :
PATZERIA FAMILY & FRIENDS INC., et al.,       :
                                              :
                          Defendants.         :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Ricardo Bocel asserts claims under the Fair Labor Standards Act ("FLSA") and

New York Labor Law (the "NYLL") on behalf of himself and all similarly situated persons who

have worked as bussers, cashiers, cooks, dishwashers, delivery persons, food runners and/or

servers who were employed by Defendants at any time in the past six years.  Defendants are

Patzeria Family & Friends ("Patzeria F&F") and Patzeria Perfect, two Italian restaurants, and

their owners Defendants Joseph Azzolino and Shkelzen Ulaj.  As related to the FLSA collective,

the First Amended Complaint (the "Complaint") alleges that Defendants willfully violated

FLSA's overtime requirements.  Plaintiffs' motion for conditional certification of a collective

pursuant to 29 U.S.C. § 216(b) (the "Motion") is granted in part and denied in part.

I.     **BACKGROUND**

The Court draws the facts below from the Complaint and the declarations submitted in

support of the Motion.

From in or around 2014 until in or around February 2, 2020, Plaintiff worked as a

dishwasher and delivery person at Patzeria F&F and Patzeria Perfect.  His job responsibilities

included washing dishes, delivering food orders to Defendants' customers, cleaning the kitchen,

and delivering ingredients from Patzeria F&F to Patzeria Perfect.  Plaintiff regularly worked six days per week:  Mondays from approximately 7:00 a.m. until 12:00 a.m.; and Wednesdays through Sundays from approximately 7:00 a.m. until 4:00 p.m, for a total of approximately sixty-two hours per week.  Plaintiff was not given meal or rest breaks and was not paid overtime wages when he worked more than forty hours per week or spread of hours supplement when he worked more than ten hours per day.

Plaintiff was paid a fixed weekly salary, starting at approximately $480.00 per week in 2014, and ending at approximately $640.00 per week beginning in January 2020, until the end of his employment.  Defendants paid Plaintiff via cash on Monday nights and Plaintiff was never given a pay stub.  In his declaration, Plaintiff names approximately fourteen other employees who worked similar schedules to him as cooks, servers, cashiers, food runners, dishwashers, and bussers, who worked for Defendants within the last three years and were paid flat weekly amounts regardless of the number of hours they worked.

## II.    STANDARD

The FLSA authorizes employees to bring a collective action on "behalf of . . . themselves and other employees similarly situated" who "consent in writing" to join the action.  29 U.S.C. § 216(b).  Although the Second Circuit has never offered a definitive standard for the conditional certification of collective action under the FLSA, it has "endorsed" a widely accepted two-step approach.  *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020) (citing *Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010), for the two-step process to certify FLSA collective actions).  "At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law."  *Id.*  The second step, typically taken upon the

completion of discovery, requires the court to determine "whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Id.* "The action may be 'de-certified' if the record reveals they are not." *Myers*, 624 F.3d at 555.

At the first step, in order to achieve conditional certification, "[t]he modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist." *Id.* (internal quotation marks and citations omitted). "Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *King v. Fedcap Rehab. Servs., Inc.*, No. 20 Civ. 1784, 2022 WL 292914, at *3 (S.D.N.Y. Feb. 1, 2022). "The court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at this stage." *Id.* (internal quotation marks omitted). As a result, "[e]vidence submitted by defendants disputing the facts alleged by plaintiffs do not undermine the modest factual showing that plaintiffs are required to show at this stage of the litigation." *Ford v. WSP USA, Inc.*, No. 19 Civ. 11705, 2021 WL 4803848, at *4 (S.D.N.Y. Oct. 14, 2021) (internal quotation marks omitted). This is "a low standard of proof," and "[i]f the Court determines that 'similarly situated' employees exist, it will conditionally certify the collective and order that appropriate notice be given to members of the FLSA collective to afford them the opportunity to opt into the action." *Mikityuk v. Cision US Inc.*, No. 21 Civ. 510, 2021 WL 1750370, at *4 (S.D.N.Y. May 4, 2021).

III.     DISCUSSION

     A.     **Conditional Certification**

Plaintiff seeks conditional certification of, and Court-authorized notice to, a FLSA collective consisting of "All 'Bussers,' 'Cashiers,' 'Cooks,' 'Dishwashers,' 'Delivery Persons,' 'Food Runners,' and/or 'Servers' who were employed by Defendants at any time in the past six (6) years." Plaintiff has made the necessary showing that he is similarly situated to these employees.

The Complaint alleges that Defendants willfully violated FLSA by failing to pay Plaintiff similarly situated employees overtime wages of one and one-half times their regular hourly rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty hours in a workweek. The Complaint also alleges that Defendants violated the NYLL by willfully failing to pay Plaintiff and similarly situated employees overtime compensation; by failing to pay Plaintiff the applicable minimum and spread of hours wages owed to him; and by failing to provide Plaintiff with statutory payroll notices and wage statements.

To support these allegations, Plaintiff offers the Complaint and two declarations. According to the declarations, Defendants own, operate, or control two restaurants where Plaintiff was employed as a dishwasher and delivery person from around 2014 to on or around February 2, 2020. Defendants determine the wages and compensation of employees, maintained employee records and maintained control, oversight and direction over restaurant workers. Plaintiff worked approximately sixty-two hours per week and was paid a fixed salary, which did not include overtime pay equal to one and a half times the regular hourly rate of pay, when he worked more than forty hours per week. Plaintiff's declaration states: "Based on my personal

observations and conversations with other employees of Defendants, I am aware of approximately fourteen (14) similarly situated employees, who are currently or were previously employed by Defendants within the last 3 years." Plaintiff's declaration in support of his reply identifies a fifteenth employee. Plaintiff's declarations also state that Plaintiff and others similarly situated performed the same duties.

Having reviewed the Complaint, the record, and Plaintiffs' Motion, which includes the above-described declarations, the Court finds that Plaintiffs have made a "modest factual showing" sufficient to grant conditional certification. *Myers*, 624 F.3d at 555; *King*, 2022 WL 292914, at *3 ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."). Plaintiff, whose responsibilities included washing dishes, delivering food orders to Defendants' customers, cleaning the kitchen, and delivering ingredients from Patzeria F&F to Patzeria Perfect, was "paid a fixed weekly salary, regardless of the number of hours [he] worked per week" and "was not given meal or rest breaks." At least fifteen other employees -- who worked as cooks, servers, cashiers, food runners, dishwashers, and bussers and who performed the same duties as Plaintiff -- were subject to the same policies. Accordingly, Plaintiff has made the necessary modest factual showing that all delivery workers were subject to the policies alleged. *See Myers*, 624 F.3d at 555.

Defendants argue that conditional certification is improper because Defendants have no record of Plaintiff working for Defendants. This argument fails because Plaintiff's declaration in support of his reply clarifies that "[w]hen [Plaintiff] worked for Defendants, [Plaintiff] used the name 'Alex Perez.'" To the extent that Defendants proffered an affidavit to rebut Plaintiff's evidence, that evidence does not warrant a different result. At conditional certification, "[t]he

court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *King*, 2022 WL 292914, at *3.

Defendants' remaining arguments are without merit.  Defendants argue that:  Plaintiff's initial declaration did not provide sufficient detail regarding his conversations with other employees; Plaintiff has failed to submit any affidavits or declarations from other purportedly similar employees and Plaintiff's conclusory and unsupported allegations are insufficient to establish a single enterprise for purposes of conditional certification.  These arguments misunderstand "[t]he modest factual showing" required for conditional certification.  *See Myers*, 624 F.3d at 555.  For example, Plaintiff's declaration in support of his reply states that he spoke with a fifteenth employee who "worked as a dishwasher in or around the same time as [he] was employed by Defendants.  [That employee] informed [Plaintiff] that he worked approximately sixty (60) hours per week while employed by Defendants . . . [and] was initially paid $600 per week, and later $700 per week, always in cash."

Accordingly, conditional certification of a collective as to Plaintiff Ricardo Bocel and Defendants' employees who worked as "Bussers," "Cashiers," "Cooks," "Dishwashers," "Delivery Persons," "Food Runners," and/or "Servers" is proper.

**B.    Notice Period**

Plaintiff requests that the Court authorize notice for employees who worked for Defendants for six years prior to the Court's order on conditional certification because they also have asserted claims under the NYLL, which has a six-year statute of limitations.  N.Y. Lab. Law § 198(3).  Defendants argue that the six-year proposed notice period exceeds the statute of limitations under the FLSA.

The notice period is generally governed by the statute of limitations for the violations alleged to avoid sending notice to individuals whose claims will be time-barred.  *See Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124, 2014 WL 1487279, at *4 (S.D.N.Y. Apr. 11, 2014).  The statute of limitations under FLSA is ordinarily two years, "except that a cause of action arising out of a willful violation may be commenced within three years."  29 U.S.C. § 255(a); *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014).  Here, Plaintiff alleges willfulness in his Complaint, and neither party disputes the three-year notice period for the FLSA claims at this stage.  To the extent that Plaintiff requests certification of a FLSA collective longer than three years, that request is denied.

Plaintiff's request for a six-year notice period is granted because the Complaint also includes NYLL claims.  "When a plaintiff's complaint 'also includes NYLL claims, courts in this District routinely deny requests to limit the Notice time period to three years, as even where claims are untimely under FLSA, they may shed light on the appropriateness of certifying a class action under the NYLL."  *Fonseca*, 2014 WL 1487279, at *6 (quoting *Guaman v. 5 M Corp.*, No. 13 Civ. 3820, 2013 WL 5745905, at *5 (S.D.N.Y. Oct. 23, 2013)).  Accordingly, Plaintiff's request for six years of names and contact information is appropriate.

### C.    Equitable Tolling

Plaintiff requests that the statute of limitations be tolled "from the date on which this motion is filed until such time that Plaintiff is able to send notice to potential opt-in plaintiffs."  Normally in a FLSA collective action, the statute of limitations for each plaintiff ceases to run when he or she files a written consent electing to join the lawsuit.  *See* 29 U.S.C. § 256(b).  "To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented [him] from filing [his] claim on time, and that he acted with reasonable diligence

throughout the period he seeks to toll." *Parada*, 753 F.3d at 71.  "[E]quitable tolling is applicable only in rare and exceptional circumstances." *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (internal quotation mark omitted).  This case was filed in September 2021 and the Motion is being decided six weeks after being fully briefed on March 4, 2022.  Plaintiff has not shown extraordinary circumstances sufficient to justify tolling.  *Accord Duran v. R&L Interior Renovations & Constr. Corp*, No. 20 Civ. 9344, 2021 WL 4847074, at *5 (S.D.N.Y. Oct. 18, 2021) (permitting equitable tolling where motion pending for approximately seven months).

>        **D.       Form of Notice**

>        Plaintiff submitted a proposed notice and proposed reminder with his motion, and a revised version of the notice and reminder with his reply.  Defendants object on two grounds: (1) any opt-in notice should be limited to regular U.S. mail and should not include posting at Defendant Patzeria Pizzera, which has closed, and (2) the notice should inform opt-ins that they may be required to testify.

>        The content of the proposed notice and reminder filed at Dkt. Nos. 65-1 and 65-2 is appropriate.  The proposed notice explains clearly and succinctly the nature of the case, potential plaintiffs' choices and the way to join the collective action.  Plaintiff also revised the proposed notice and reminder to address Defendants' objection regarding possible testimony, and both the proposed notice and reminder state that any opt-in plaintiffs may need to testify at a deposition or trial.

>        Defendants' remaining objections are without merit.  "Courts routinely approve the posting of notice on employee bulletin boards and in common employee spaces" because "[p]osting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of

the pendency of the litigation and consider whether to opt in."  *Mendoza v. Ashiya Sushi 5, Inc.*,
No. 12 Civ. 8629, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013) (collecting cases); *accord*
*Duran*, 2021 WL 4847074, at *4.  Accordingly, the Court hereby authorizes, and Defendants are
hereby ordered to permit, Plaintiff to post the Notice and Opt-In Form in a common, non-public
employee space of Defendant Patzeria F&F where they will be easily visible to employees,
possibly including former employees of Defendant Patzeria Pizzera.  Plaintiff also is permitted to
disseminate the Notice and Reminder by email, text message, and social media messaging.

>    **E.    Expedited Disclosure**

The request for expedited disclosure is granted in part.  Defendants are directed to
produce a list in electronic format to Plaintiff's counsel for all individuals who worked for
Defendants in the role of "Busser," "Cashier," "Cook," "Dishwasher," "Delivery Person," "Food
Runner," and/or "Server" during the past six years, their names, last known addresses, telephone
numbers, email addresses, social security numbers, dates of employment, titles, compensation
rates, and hours worked per week by **May 17, 2022**.  Defendants are not required to produce
social media handles.  Plaintiff shall publish the notice by no later than **May 24, 2022**.
Individuals shall have sixty days to join the collective, or until **July 25, 2022**.  By **August 8,
2022**, the parties shall file a proposed case management plan setting the close of discovery for
the parties and setting the close of discovery for individuals who opt into the collective.

## IV.    CONCLUSION

For the foregoing reasons, conditional certification of the collective is granted, Plaintiff's
motion for equitable tolling is denied and the proposed form and manner of notice are approved.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 56.

Dated:  April 15, 2022
        New York, New York

9

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE